CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED Filed for Rku
MAY 3 0 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEAN C. LOCKLEY, ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00081 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| ALBEMARLE CHARLOTTESVILLE ) | |
| REGIONAL JAIL, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff Dean C. Lockley, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Lockley alleges that the defendants have opened his legal mail in his absence and, on one occassion, removed his medical records which were included with legal correspondence from his attorney. Lockley seeks $ 800,000 damages which he claims represents his potential earning income before the medical records were "stolen" and the contents disseminated throughout the community. Upon consideration of Lockley's complaint, I find that he has failed to state a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Lockley alleges that the on September 9, 2005, Defendant Sgt. Creasy, opened clearly marked legal mail outside of his presence and removed his medical records. Since his records were "stolen," Lockley claims that "people in the community" have been discussing his medical history and the wide spread knowledge of his "medical history, operations, allergies, and drug usage" will likely make it more difficult for him to find employment on his release from jail. Additionally, Lockley

claims that the dissemination of this information will impact his ability to have a "fair trial." Lockley also complains that on two other instances mail from the United States District Court for the Western District of Virginia was opened in his absence.

## II.     42 U.S.C. § 1983

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).[1]

Lockley alleges that Sgt. Creasy opened correspondence from his attorney and removed his medical records. He further claims that this adversely impacted his ability to have a "fair trial" and his potential employment opportunities. Lockley also alleges that on two other instances unnamed jail personnel opened letters from the United States District Court for the Western District of Virginia Clerk's Office outside his presence. To the extent Lockley claims that opening his legal mail in his absence violates his Sixth Amendment right to counsel and his First Amendment right to access to the courts, it fails.

The Fourth Circuit has expressly found that prisons have a legitimate security interest in opening and examining outgoing mail. Altizer v. Deeds, 191 F.3d 540, 549 (1999). The court can easily conceive of legitimate penological interests in ensuring that no contraband or harmful

---

[1] The Albemarle-Charlottesville Regional Jail is not a "person" and therefore, is not a proper defendant in a §1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)(finding that neither a state nor its officials acting in their official capacities are subject to suit under §1983). Accordingly, I find that all claims raised against the jail must be dismissed.

2

substance comes into the prison through the mail, thus merely the opening of incoming legal mail in the recipient's absence does not raise a claim of constitutional magnitude. Griffin v. Virginia, 2002 WL 32591574 *3 (W.D. Va. December 17, 2002), aff'd, 67 Fed. Appx. 837 (4th Cir. 2003). Accordingly, to establish that his First Amendment or Sixth Amendment rights have been violated by opening incoming legal mail, an inmate must demonstrate that there was some actual harm or prejudice to his ability to communicate with the court or counsel. See Lewis v. Casey, 518 U.S. 343 (1996)(finding that when an inmate has had access to court, but alleges that officials deprived him of some item necessary for meaningful pursuit of his litigation, such as his already prepared legal materials, the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item); see also White v. White, 886 F.2d 721, 724 (4th Cir. 1989)(finding to state a claim based on delay or non-delivery of legal mail, an inmate must allege that he suffered actual adverse consequences as a result of the delay or that the non-delivery deprived him of meaningful access to the courts); see also, Strickland v. Washington, 466 U.S. 668 (1984). Finally, state officials cannot be held liable under § 1983 for negligent or intentional destruction, loss, or interference with legal mail or other personal property. Pink v. Lester, 52 F.3d 73 (4th Cir.1995)(citing Daniels v. Williams, 474 U.S. 327 (1986)), Bowler v. Young, 2003 WL 24253707 *1 (W.D. Va June 25, 2003), aff'd, 78 Fed. Appx. 281 (4th Cir. 2003).

Here, Lockley merely makes vague and unsubstantiated allegations that after being "stolen" from his legal mail, the information contained in his medical records was "spread" throughout the community. He does not allege that his efforts to raise a defense or participate in his defense were obstructed by the delay in his receipt of those records nor has he presented any evidence which suggests that the contents of his medical records were actually disseminated in

3

the community. Furthermore, even assuming Lockley's medical information was circulated, he has not established any resulting actual harm or prejudice. Additionally, Lockley has not alleged that opening mail from the court outside his presence has caused any delay in the receipt of this correspondence, has caused him to miss any court imposed deadlines, has inhibited his ability to pursue his litigatious activities, or in any way interfered with his ability to communicate with the court. Accordingly, I find that Lockley has failed to establish any actual harm or prejudice as a result of the opening of his legal mail in his absence or the by loss of his medical records.

Additionally, as there is no general fundamental right to privacy in personal medical information, even if Lockley's medical history was relayed to other parties by jail personnel, this fails to raise a claim of constitutional magnitude. See Watson v. Lowcountry Red Cross, 974 F.2d 482, 487-89, n.9 (4th Cir. 1992); Taylor v. Best, 746 F.2d 220, 225 ( 4th Cir. 1984); Sherman v. Jones, 258 F.Supp. 2d 440, 444 (E.D. Va. 2003)(finding plaintiff's constitutional rights were not violated when other inmates overheard his medical history).

### III.

To the extent that Lockley alleges that the defendants are liable for any violations of state law, because I find that plaintiff cannot go forward on any of his federal claims, I decline to exercise supplemental jurisdiction over those claims. See 28 U.S.C. 1367(c).

### IV.  Conclusion

Based on the foregoing, I find that Lockley has failed to raise any claims of constitutional magnitude. Accordingly, I find that his complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 30th day of May, 2006.

*[signature]*
Senior United States District Judge